# EXHIBIT A

JOHN J. SHEPTOCK, LLC
2424 Morris Avenue
Union, New Jersey 07083
(908) 686-9800
Attorney for Plaintiff

---

| | | |
|---|---|---|
| SANDRA BAPTISTA, | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : | LAW DIVISION - SOMERSET COUNTY |
| vs. | : | DOCKET NO. SOM-L-1533-11 |
| TARGET and JOHN DOE, | : | *CIVIL ACTION* |
| Defendants. | : | **AMENDED COMPLAINT and JURY DEMAND** |

---

Plaintiff, Sandra Baptista, residing at 532 Second Avenue, Elizabeth, New Jersey, by way of Complaint against the defendants, asserts the following:

### FIRST COUNT

1. On or about September 28, 2010, plaintiff, Sandra Baptista, was a customer at the Target store located on Route 28 in Bridgewater, New Jersey.

2. At or about the aforesaid time and place, the plaintiff was caused to slip and fall as the result of a wet substance on the floor at the entrance to defendant's premises.

3. Defendant, Target, upon information and belief, is the owner and/or tenant of the said premises and responsible for maintaining the subject premises where the plaintiff was caused to slip and fall on the aforementioned date.

4. Defendant, Target, operated, controlled and maintained the subject premises in a careless, reckless and negligent manner so as to cause the plaintiff to slip and fall; and the defendant, Target, was, in many other diverse and sundry ways, negligent.

5. As a direct and proximate negligent of the defendant, Target, the plaintiff was caused to suffer and sustain great pain to the mind and body; sustained serious permanent injuries; was forced to undergo much medical treatment; did incur substantial medical expenses; and did sustain a loss of time, livelihood and ability to carry out her normal duties and activities for a long period of time, and she will endure the same in the future.

WHEREFORE, plaintiff, Sandra Baptista, hereby demands judgment against the defendant, Target, for compensatory damages, attorney's fees, interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats and reiterates each and every allegation of the First Count as if set forth more fully at length herein.

2. Defendant, John Doe, upon information and belief, is the owner and/or operator and/or maintenance company and/or entity responsible for maintaining the subject premises where the plaintiff was caused to slip and fall on September 28, 2010.

3. Defendant, John Doe, operated, controlled and maintained the subject premises in a careless, reckless and negligent manner so as to the cause the plaintiff to slip and fall; and the defendant, John Doe, was, in many other diverse and sundry ways, negligent.

4. As a direct and proximate negligent of the defendant, John Doe, the plaintiff was caused to suffer and sustain great pain to the mind and body; sustained serious permanent injuries; was forced to undergo much medical treatment; did incur substantial medical expenses; and did sustain a loss of time, livelihood and ability to carry out her normal duties and activities for a long period of time, and she will endure the same in the future.

WHEREFORE, plaintiff, Sandra Baptista, hereby demands judgment against the defendant, John Doe, for compensatory damages, attorneys' fees, interest and costs of suit.

Dated:   October 5, 2011

/s/ John J. Sheptock
JOHN J. SHEPTOCK
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:   October 5, 2011

/s/ John J. Sheptock
JOHN J. SHEPTOCK
Attorney for Plaintiff

## CERTIFICATION REQUIRED BY RULE 4:5-1

The undersigned hereby certifies, upon information and belief, that the matter in controversy is not subject to any other action pending in any court or arbitration proceeding. There is no other action or arbitration proceeding contemplated, and there are no other parties who should be joined in this action.

Dated:   October 5, 2011

/s/ John J. Sheptock
JOHN J. SHEPTOCK
Attorney for Plaintiff

- 3 -

RECEIVED/FILED
SUPERIOR COURT OF NJ
SOMERSET COUNTY
2011 OCT -7 A 9:32
DEPUTY CLERK
CIVIL DIVISION

11/16/2011 12:00:00 AM          000853324F0001          5220111116024174